# United States District Court

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD L. POWELL and VICKI L. POWELL | § § § | |
| V. | § § | CASE NO. 4:11-CV-80 |
| | § | Judge Mazzant |
| BAC HOME LOANS SERVICING, LP, and BANK OF AMERICA, N.A. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Bank of American, N.A.,("BANA") as successor by merger to BAC Home Loans Servicing, LP,'s[1] Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #32).

## FACTUAL BACKGROUND

Plaintiffs purchased the property located at 9615 Thorncliff Drive, Frisco, Texas (the "Property").  Plaintiffs allegedly signed a Promissory Note in order to purchase the Property on August 17, 2007.  The copies of the Promissory Note show "Bank of America, NA" as the lender. Plaintiffs have received correspondence from Defendants threatening to foreclose on their home. BAC Home Loans Servicing, LP ("BAC") purports to be the "current servicer" of the loan. Plaintiffs do not know who BAC is, or how they obtained the right to collect their mortgage payments.  Plaintiffs' attorneys have requested from BAC and BANA, the purported holders of the note, to view a number of these documents, including the Deed of Trust and the Original Note. Plaintiffs' attorneys also requested that Defendants make the original signed Promissory Note available for viewing.  These requests were made in order to verify the Defendants are in fact entitled

---

[1] BAC Home Loans Servicing, LP merged with BANA, with BANA the survivor in July 2011. Prior to the merger, BAC Home Loans Servicing, LP operated as a subsidiary of BANA and serviced mortgages on behalf of BANA and other lenders.

1

to enforce the note as required by Texas law. *See* Tex. Bus. & Comm. Code § 3.301.  Defendants have yet to produce such documents. It is Plaintiffs' belief that Defendants do not have the authority to foreclose on the property and are, in fact, not the actual holders of the Original Note. Plaintiff contends that without possession of the original signed Note, Defendants do not have the authority to collect.

After requesting an opportunity to view the Original Note, Defendants have not made the Note available for viewing. Plaintiffs allege that Defendants do not, in fact, have the Original Note, and therefore, they cannot prove they are the actual holders of the note.  Plaintiffs' attorneys have requested that Defendants pull the pending substitute trustee's sale until the debt is validated and the true holder of the Note is known.  Defendants have failed to do so and, in fact, intend to pursue this collection action by executing the substitute trustee's sale on February 1, 2011.

After Plaintiffs filed this action in the 429th Judicial District Court of Collin County, Texas, BANA and BAC removed this case on February 18, 2011.  On May 26, 2011, Defendants filed their Motion to Dismiss Plaintiffs' Petition (Dkt. #9).  In response, Plaintiffs filed a Motion for Leave to File their First Amended Complaint (Dkt. #24).  The Court granted this request on August 30, 2011 (Dkt. #28).  On September 2, 2011, the case was referred to the undersigned for all purposes after consent of the parties.  On September 13, 2011, BANA filed its Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. #32).  On September 23, 2011, Plaintiffs filed a response (Dkt. #33).  On September 30, 2011, BANA filed a reply (Dkt. #34).

## LEGAL STANDARD

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions.  A Rule 12(b)(6) motion to

dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

3

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.   First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951.   Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*.   "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009).   This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).   When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## DISCUSSION

Plaintiffs bring causes of action for the following : (1) promissory estoppel; (2) common law fraud; (3) statutory fraud; (4) wrongful debt collection practices under the Texas Finance Code; and

(5) violations of the Texas Deceptive Trade Practices Act ("DTPA").  Plaintiffs also request a declaratory judgment that BANA produce the Promissory Note, and that BANA violated Texas statutory and common law.  Plaintiffs base their claims upon the following two allegations: (1) BANA is not the holder of the Promissory Note executed by Plaintiffs when they purchased the Property, and therefore, does not have the right to sell Plaintiffs' Property at a foreclosure sale; and (2) BANA promised Plaintiffs a loan modification.

BANA asserts the following grounds for dismissal of this action: (1) Plaintiffs' promissory estoppel claim fails because a written contract exists and any promise of a modification fails due to the statute of frauds; (2) Plaintiffs' claim for common law fraud should be dismissed because it is barred by the statute of frauds and does not conform to Federal Rule 9(b) heightened pleading standards; (3) Plaintiffs' statutory fraud claim fails because the statute is inapplicable; (4) Plaintiffs' claim BANA violated the Texas Debt Collection Act ("TDCA") because BANA is not the holder of the promissory note is subject to dismissal because BAC was the mortgagee with the authority to foreclose and BANA, its current parent, was the lender; (5) the DTPA claim fails because Plaintiffs are not consumers under the DTPA; and (6) Plaintiffs' claim for declaratory judgment is subject to dismissal because their other claims fall short.

**Promissory Estoppel**

Plaintiffs contend that a promise was made that the Defendants would help avoid foreclosure with their "Homeownership Retention program."  Documents were mailed to Plaintiffs stating that solutions were available to help struggling homeowners. Solutions specifically included loan modification, repayment agreements, and short sales. Plaintiffs allege that the promise of assistance was made to induce Plaintiffs to provide Defendants with regular mortgage payments, plus additional

payments above the regular mortgage payment to get caught up on the alleged arrears.   Plaintiffs argue that they substantially relied on Defendants' promises, which is evidenced by the fact Plaintiffs enlisted the help of a third party to complete a loan modification application.   The time and money Plaintiffs spent on this service was significant.   In addition, Plaintiffs continued making payments on the Note in controversy because of Defendants' false promises.  Had Plaintiffs known Defendants had no intention of approving Plaintiffs for a loan modification, Plaintiffs would have placed their limited financial resources into their other rental properties that were at risk of foreclosure. The reliance on the promise was foreseeable and caused damage to Plaintiffs when the loans were declared in default.     Plaintiffs assert that they suffered injuries that included: (1) direct financial losses from interest accruals, late fees, having to hire a loan modification company and an attorney; (2) indirect financial losses from having their other rental properties go into foreclosure as a result of Plaintiffs funding this property; and (3) the unnecessary expenditure of their time, denying them several opportunities to earn money. The Defendants' promises were specific and detailed and were not merely a vague, indefinite promise of future business.  Plaintiffs argue that Defendants should therefore be liable for the damages caused by the failure to follow through with the promise to offer a loss mitigation program to Plaintiffs.

BANA asserts that Plaintiffs' promissory estoppel claim is based on their allegations BANA promised them a solution to help them to avoid foreclosure, including a loan modification, repayment agreement, or short sale.

For Plaintiffs to establish a claim for promissory estoppel, they must show: (1) BANA made a promise to Plaintiffs; (2) Plaintiffs reasonably and substantially relied on the promise to their detriment; and (3) Plaintiffs' reliance was foreseeable by BANA. *English v. Fischer*, 660 S.W.2d

6

521, 524 (Tex. 1983).  Absent a showing of detrimental reliance, a claim for promissory estoppel

cannot lie.  *Id.*  Texas courts also require a "definite finding that injustice can be avoided only by the

enforcement of the promise."  *Clardy Mfg. Co. v. Marine Midland Business Loans Inc.*, 88 F.3d 347,

360 (5th Cir. 1996).

"Promissory estoppel ... is a cause of action available to a promisee who has acted to his or

her detriment in reasonable reliance on an otherwise unenforceable promise." *Ford v. City State

Bank of Palacios*, 44 S.W.3d 121, 140 (Tex.App.-Corpus Christi 2001, no pet.).  Furthermore,

Plaintiffs cannot recover for a promise under promissory estoppel when the promise is part of a valid

contract. *Fertic v. Spencer*, 247 S.W.3d 242, 250 (Tex.App.-El Paso 2007, pet. denied) (citing

*Subaru, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 226 (Tex. 2002)).    To show

detrimental reliance, a plaintiff must show that he materially changed his position in reliance on the

promise. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Promissory estoppel does not apply

to a promise covered by a valid contract between the parties, but it does apply to a promise outside

of the contract. *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 899 (Tex.App.-San Antonio 2002, no

pet.). The "vital principle is that he who by his language or conduct leads another to do what he

would not otherwise have done, shall not subject such person to loss or injury by disappointing the

expectations upon which he acted." *Wheeler v. White*, 398 S.W.2d 93, 96 (Tex. 1965)(citation

omitted). The majority of Texas courts permit a plaintiff to assert promissory estoppel as an

affirmative basis for relief, despite the fact that estoppel is ordinarily a defensive theory. *Medistar

Corp. v. Schmidt*, 267 S.W.3d 150, 163 (Tex.App.-San Antonio 2008, pet. denied).

In their response, Plaintiffs argue that Defendants invited them to apply for a loan

modification which Plaintiffs assert was undeniably intertwined with a promise to provide Plaintiffs

7

an underwriting decision.  Plaintiffs argue that employees' declarations that they would render a decision on Plaintiffs' loan modification, in contemplation of a new contract, is precisely the promise Plaintiffs seek to enforce.

BANA asserts that Plaintiffs' promissory estoppel claim cannot withstand the statute of frauds.  Texas recognizes estoppel as a defense to the statute of frauds as well as an independent cause of action.  *See Ford*, 44 S.W.3d at 138-140.  For estoppel to be a defense to the statute of frauds, the promisee must establish that the promisor "promised to sign a written document complying with the statute of frauds." *Id*. (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982)). Plaintiffs have not alleged any facts regarding any promise by BANA to sign a written document that would have incorporated this alleged oral agreement.  Therefore, the Court concludes that Plaintiffs allege no facts that could support a promissory estoppel claim as a defense to the statute of frauds. *See Deuley v. Chase Home Fin., LLC*, No. H-05-04253, 2006 WL 1155230, at *4 (S.D. Tex. April 26, 2006).

Furthermore, Plaintiffs have failed to allege sufficient facts demonstrating reliance.  The alleged representation is that BANA would consider them for a loan modification and, because they submitted an application, they were entitled to a decision.  BANA correctly points out that Plaintiffs' application could have been denied.  It is unjustifiable for Plaintiffs to take steps based on the completion of an application.  Any reliance on the promise to decide whether Plaintiffs qualified for a loan modification is unjustifiable and unreasonable.  Plaintiffs' claim for promissory estoppel is not plausible.

**Common Law Fraud**

Plaintiffs assert that BANA's employees declared themselves to be the proper entities to which Plaintiffs were to submit payments, and this representation was false.  BANA's employees made these declarations based merely on the assumption the Defendants had the right to enforce the note. Upon information and belief, Plaintiffs allege BANA's employees had no access to view the Note and Deed of Trust to confirm BANA's right to hold themselves out as the proper entity to which Plaintiffs were to submit payments. BANA's employees' representations were therefore made recklessly without any knowledge of the truth. Plaintiffs argue that BANA's employees made their representations about having the authority to collect Plaintiffs' payments, with the intent that Plaintiffs would act on the representations.

Plaintiffs also assert that BANA was unwilling to grant Plaintiffs a loan modification despite BANA's employees' assurances to the contrary.  BANA's employees made numerous statements to Plaintiffs that BANA was eager – even anxious – to grant Plaintiffs a mortgage modification, because BANA allegedly took losses upon foreclosing on properties.

BANA asserts that Plaintiffs allege it claimed to be the mortgage servicer when it was not, misrepresented its ability and willingness to offer Plaintiffs a loan modification and, in fact, was unwilling to offer Plaintiffs a loan modification.  Plaintiffs' claim rests on the unfounded presumption that BANA or BAC is not the holder of the Note.  BANA asserts this allegation fails because BANA, BAC's parent, is, in fact, the holder of the Note, as the note was made payable to Bank of America.  BANA further asserts that even if BANA were not the holder, that would be of no consequence because BANA or BAC, as the mortgagee, is not required to hold the Note to conduct a foreclosure sale. *See* Tex. Prop. Code § 51.0001(4).  BANA further argues that Plaintiffs'

common law fraud claim is also barred by the statute of frauds.  Finally, BANA asserts that

Plaintiffs' fraud claim does not satisfy Federal Rule Civil Procedure 9(b).

Under Texas law, the elements of common law fraud are:

> (1) that a material representation was made; (2) the representation
> was false; (3) when the representation was made, the speaker knew
> it was false or made it recklessly without any knowledge of the truth
> and as a positive assertion; (4) the speaker made the representation
> with the intent that the other party should act upon it; (5) the party
> acted in reliance on the representation; and (6) the party thereby
> suffered injury.

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

In response, Plaintiffs agree that Defendants properly cite Texas law, which allows a

mortgage servicer to collect on behalf of a mortgagee, but Plaintiffs contend that BANA was never

the mortgagee.  Plaintiffs argue that BANA lacked authority to appoint BAC as servicer.  Plaintiffs

argue that unless BANA overcomes Plaintiffs' well-supported allegation that BANA was never the

holder of the alleged note by providing the Court with original mortgage documentation and a

servicing agreement, a fact issue will remain as to BAC's authority to collect under that alleged note.

Under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service

a mortgage and conduct a foreclosure sale.  *See* Tex. Prop. Code. Ann. § 51.0025. MERS is a

mortgagee under the Texas Property Code.  *See* Tex. Prop. Code Ann. § 51.0001(4).

Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a

mortgage servicer to administer a deed of trust foreclosure without production of the original note.

*See Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *3

(W.D. Tex. Apr. 26, 2011); *Coleman v. Bank of America, N.A.*, No. 3-11-CV-0430-GBD, 2011 WL

2516169, at *2 (N.D. Tex. May 27, 2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22,

10

2011); *Dillard v. Mortgage Electronic Registration Systems, Inc.*, No. 3-10-CV-0091-N, slip op. at 4 n.1 (N.D. Tex. Apr. 16, 2010), *appeal dismissed*, No. 11-10069 (5th Cir. Apr. 21, 2011); *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768, at \*3 (N.D. Tex. Feb. 1, 2010); *Athey v. Mortgage Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 165-66 (Tex. App.—Eastland 2010, pet. denied); Tex. Prop. Code § 51.002(a)-(h) (setting forth requirements for non-judicial foreclosure in Texas, which do not include producing original note).

BANA asserts that it is listed as the mortgagee in the Note and Deed of Trust.  The Court agrees.  Any argument that BANA could not appoint BAC as the servicer is erroneous.  Furthermore, Plaintiffs fail to address BANA's contention that their fraud claim is barred by the statute of frauds where there is an unenforceable oral agreement.

Plaintiffs' amended complaint does not state a plausible claim for common law fraud.  To adequately state a claim for fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)(citation omitted).  Plaintiffs' current complaint does not set forth such facts that would meet the Rule 9(b) standard.   Therefore, Plaintiffs' fraud claim should be dismissed as not plausible.

**Statutory Fraud**

Plaintiffs allege that BANA has committed fraud and misrepresentation in a real estate transaction in violation of section 27.01(a) of the Texas Business and Commerce Code.  Specifically, Plaintiffs claim that the Defendants made a false promise regarding the ability and willingness to grant a loan modification.

11

Section 27.01(a)(2) states that "Fraud in a transaction involving real estate or stock in a corporation or joint stock company consists of a...false promise to do an act, when the false promise is (A) material; (B) made with the intention of not fulfilling it; (C) made to a person for the purpose of inducing that person to enter into a contract; and (D) relied on by that person in entering into that contract."  Tex. Bus. & Com. Code Ann. § 27.01(a).

Defendants argue that section 27.01 applies only to a fraudulent misrepresentation made to induce another party to enter into a contract for the sale of land or stock.  Tex. Bus. & Com. Code Ann. § 27.01(a); *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.-Waco 2000, pet. denied) (citing *Greenway Bank & Trust of Houston v. Smith*, 679 S.W.2d 592, 596 (Tex. App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.)).  Defendants further assert that section 27.01 does not apply to loan transactions, even when they are secured by land.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008); *Burleson State Bank*, 27 S.W.3d at 611.

Texas courts have not interpreted Section 27.01 as broadly as Plaintiffs would like this Court to.  *See Grant-Brooks v. WMC Mortgage Corp.*, No. 3:02-cv-2455, 2003 WL 23119157, at *6 (N.D. Tex. Dec. 9, 2003).   "An examination of section 27.01 shows that it is concerned with misrepresentation of material fact made to induce another to enter into a contract for the sale of land...," and is inapplicable when there is no contract or sale of land between the parties.  *See Tex. Commerce Bank Regan v. Lebco Constr., Inc.*, 865 S.W.2d 68, 82 (Tex.App.-Corpus Christi 1993, writ denied) (quoting *Nolan v. Bettis*, 577 S.W.2d 551, 556 (Tex. Civ. App. Austin 1979, writ ref'd n.r.e.)), overruled on other grounds by *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998); *see also Life Ins. Co. Of Va. v. Murray Inv. Co.*, 646 F.2d 224, 227 n.2 (5th Cir. 1981) (noting that section 27.01 "only reaches those transactions involving the actual or

12

potential sale or purchase of real estate."). Section 27.01 does not apply to a party who merely loaned money for the purchase of real estate. *Tex. Commerce Bank Regan*, 865 S.W.2d at 82 (citing *Greenway Bank & Trust v. Smith*, 679 S.W.2d 592, 596 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.)).

Based on the above authorities, it is clear that section 27.01 only applies to transactions involving the sale or transfer of real estate from one party to another, and not the act of loaning money, such as the agreement between a mortgagor and mortgagee. The Court finds that because there was neither a contract for nor a sale of land or stock between the parties involved in this case, section 27.01 does not apply. Accordingly, the Court recommends that this claim be dismissed.

**TDCA Claims**

Plaintiffs assert that BANA was attempting to collect on a Note without the ability to prove they are, in fact, the holder of the Note. Defendants' collection proceedings are in violation of Texas Finance Code Sections 392.301, since Defendants have no authority to collect on either of the Notes or hold a substitute trustee's sale. Plaintiffs further allege that Defendants threatened to foreclose on Plaintiffs' residence. Plaintiffs assert that this was coercive, threatening, abusive, and harassing. Plaintiffs argue that such acts were an unconscionable and unfair means to collect the debt allegedly owed. Furthermore, Plaintiffs assert these actions are thereby fraudulent, deceptive, and/or misleading representations actionable under the Texas Finance Code Sections 392.303 and 392.304.

BANA asserts that the problems with Plaintiffs' contention are the following: (1) that BAC is the servicer of the loan; (2) that BAC, as the servicer, has the right to foreclose; and (3) that BANA is listed as the lender in the Note, and even if it were not the lender, BANA does not have to hold the Promissory Note to foreclose on the lien and sell the property at a foreclosure sale.

BANA asserts that the Texas Property Code provides that either a mortgagee or a mortgage servicer may administer a deed of trust foreclosure without production of the original note.  The Court agrees.  *See* Tex. Prop. Code §§ 51.002, 51.0025.  Furthermore, Plaintiffs fail to identify any applicable provision of the Texas Business & Commence Code that bars Defendants' alleged actions.

Plaintiffs also assert a claim for violation of the Texas Finance Code because Defendant has produced no evidence that Defendants are, in fact, the holder of the Note, and therefore BAC has no authority to collect on the Note.  Plaintiffs argue that Defendants have taken steps to collect on the Note and that these actions are fraudulent, deceptive, and/or misleading representations actionable under the Texas Finance Code and Texas Debt Collection Act.

Plaintiffs fail to demonstrate any obligation by Defendants to produce the original Note, and Plaintiffs fail to detail any efforts by Defendants to collect a debt, much less efforts that were coupled with threats, coercion, or fraudulent or misleading representations as required by the statute. Plaintiffs fail to identify any statements made by Defendants to Plaintiffs.  Plaintiffs have failed to allege any facts to show how Defendants violated any of the requirements of the Texas Finance Code, and this claim should be dismissed.

**DTPA**

BANA first asserts that Plaintiffs' claim for violations of the Texas Deceptive Trade Practices Act ("DTPA") should be dismissed because Plaintiffs are not consumers under the DTPA.

To recover under the DTPA, Plaintiffs must show: (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant violated a specific provision of the DTPA; and (4) the defendant's violation is a producing cause of the plaintiff's damages.  Tex. Bus. & Com.

14

Code Ann. §§ 17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).  To

qualify as a consumer, a plaintiff must (1) seek or acquire goods or services and (2) the goods or

services purchased or leased must form the basis of the complaint.  *Modelist v. Deutsche Bank Nat.*

*Trust Co.*, No. H-05-1180, 2006 WL 2792196, at*7 (S.D. Tex. Aug. 25, 2006) (citing *Sherman*

*Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 14 (Tex. 1987)).  Whether a plaintiff is a

consumer under the DTPA is a question of law.  *Id.* (citing *Holland Mortgage & Inv. Corp. v. Bone*,

751 S.W.2d 515, 517 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.)).

In evaluating whether Plaintiffs are consumers, the Court must look to the object of the

transaction.  Tex. Bus. & Com. Code Ann. § 17.45; *La Sara Grain Co. v. First Nat'l Bank of*

*Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984).  In *La Sara Grain Company*, the Texas Supreme Court

held that a lender may be subject to a DTPA claim if the borrower's "objective" was the purchase

or lease of a good or service.  *La Sara Grain Co.*, 673 S.W.2d at 567.  However, a person whose

objective is merely to borrow money is not a consumer because the lending of money does not

involve either the purchase or lease of a good or service.  *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d

169, 173 (Tex. 1980).

In the present case, it is undisputed that Plaintiffs' claims arise out of a loan and do not

involve the purchase or lease of either goods or services.  Plaintiffs did not seek to purchase or lease

any goods or services from Defendants.  Therefore, Plaintiffs are not a "consumer" with respect to

their home loan.

Plaintiffs argues that they are entitled to recover damages for the TDCA violations under the

DTPA.  Plaintiffs are correct to state that the DTPA tie-in statute, § 17.50 of the Business and

Commerce Code, grants a private right of action under the DTPA to a claimant seeking to recover

under the TDCA.  *See* TEX. BUS. & COM. CODE § 17.50(h); TEX. FIN. CODE § 392.404.  However,

Texas Business and Commerce Code § 17.50(h) does not exempt claimants from showing that they

qualify as a "consumer" under § 17.45(4).  Therefore,  Plaintiffs' DTPA claim should be dismissed.

**Declaratory Judgment**

Plaintiffs also seek a declaratory judgment that any attempt to foreclose is an action to collect

a debt in violation of the Texas Property Code and requires BANA to produce the Promissory Note.

Plaintiffs do not respond to BANA's argument that there is no basis for a declaratory judgment.  The

Court agrees that there is no basis for declaratory relief in this case, and this claim should be

dismissed.

It is therefore ORDERED that Bank of American, N.A.,("BANA") as successor by merger

to BAC Home Loans Servicing, LP,'s Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt.

#32) is hereby GRANTED and Plaintiffs' case is DISMISSED with prejudice.

**SIGNED this 21st day of November, 2011.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE